UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| XXAVIER JONES,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | CAUSE NO. 3:22-CV-302-JD-MGG |

OPINION AND ORDER

Xxavier Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-7-11) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession a cellular device in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Jones argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He maintains that the hearing officer should have relied on a video recording summary prepared by another correctional staff member rather than reviewing the video recording on her own. According to Jones, "nowhere in the video review does it state that Officer Jones found a cellular device while patting [him] down."

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represents he found a cellphone in Jones' pants leg during a pat down search. ECF 1 at 7. The administrative record includes a video recording summary of the pat down search with timestamps prepared by Chris Chambers. *Id.* at 10. Though fairly detailed, this summary does not state whether the correctional officer confiscated any items as a result of the search or identify any such confiscated items. The administrative record includes a second video recording summary prepared by the hearing officer indicating that the recording afforded limited visibility of the incident but that she saw the correctional officer search and escort Jones in a manner that was consistent with the conduct report. *Id.* at 11. The conduct report and the video recording summaries constitute some evidence that Jones possessed a cellular device. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Jones argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by personally reviewing the video recording and by personally obtaining witness statements. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* Jones does not suggest that the hearing officer was involved in the confiscation of the cellular device that was the subject of the conduct report. Further, it is unclear how personally reviewing the video recording or obtaining witness statements that Jones requested from her at screening amounts to improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

If Jones wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Xxavier Jones leave to appeal in forma pauperis.

SO ORDERED on April 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT